Joseph PALMIERI, Plaintiff-Appellant,

v.

MOBIL OIL CORPORATION, Defendant-Appellee.

No. 1117, Docket 82–7034.

United States Court of Appeals, Second Circuit.

Argued April 23, 1982.

Decided May 27, 1982.

Richard W. Farrell, Stamford, Conn. (Abate, Fox & Farrell, Stamford, Conn., of counsel), for appellant.

William E. Glynn, Hartford, Conn. (Richard M. Reynolds, Scott P. Moser, John A. Danaher, III, Day, Berry & Howard, Hartford, Conn., of counsel), for appellee.

Before LUMBARD, MOORE and MESKILL, Circuit Judges.

PER CURIAM:

This is an expedited appeal from an order entered on January 8, 1982 by the United States District Court for the District of Connecticut, Clarie, C. J., which denied Joseph Palmieri's application for a preliminary injunction pursuant to the Petroleum Marketing Practices Act (PMPA), 15 U.S.C. §§ 2801 *et seq.* On February 9, 1982, we stayed Judge Clarie's order pending this appeal.

Palmieri operates a retail gasoline station in Southington, Connecticut. On November 30, 1981 Palmieri's latest franchise agreement with Mobil Oil Corporation expired. Mobil offered to renew the franchise under an agreement containing a new formula which would substantially increase Palmieri's monthly rent. When Palmieri refused to accept the proposed agreement, Mobil notified him that his franchise would not be renewed. Palmieri responded by bringing suit alleging that Mobil's failure to renew his franchise was arbitrary, discriminatory and in violation of the PMPA.

■ We agree with Judge Clarie's ruling that Palmieri failed to present evidence raising sufficiently serious questions with respect to Mobil's good faith and lack of discriminatory motive to warrant the issuance of a preliminary injunction under 15 U.S.C. § 2805. Section 2805(b)(2) provides in clear language that the franchisee bears the burden of showing that there exist "sufficiently serious questions going to the merits" to warrant the equitable relief of a preliminary injunction.[1] The record fully supports Judge Clarie's ruling that Palmieri failed to meet his burden.

■ We also agree with Judge Clarie that the PMPA does not require a franchisor to use objectively reasonable and economically realistic criteria in determining the amount of rent to be charged for a retail gasoline franchise; it merely prohibits a franchisor from applying a rental formula in a discriminatory manner in order to drive a franchisee out of the franchise relationship. Chief Judge Clarie thoroughly and correctly addressed this issue, and we affirm on the basis of his opinion, reported at 529 F.Supp. 506 (D.Conn.1982).

Palmieri's remaining claims do not merit discussion.

Affirmed. The mandate shall issue forthwith.

---

1. Palmieri argues that 15 U.S.C. § 2805(c), which sets forth the burdens relating to a final determination on the merits of a franchisee's PMPA action, places the burden on Mobil to prove that it acted in good faith in notifying Palmieri that his franchise would be terminated. However, because the issues in this case relate to the propriety of granting a preliminary injunction, 15 U.S.C. § 2805(b)(2) provides the appropriate burdens. Therefore, Palmieri's argument is inapposite. We express no opinion on the validity of Palmieri's interpretation of section 2805(c).